```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| JOSEPH BLAND,<br><br>     Petitioner,<br><br>vs.<br><br>WARDEN, USP ATLANTA,<br><br>     Respondent. | No. 11-2458-STA-tmp |

ORDER CORRECTING THE DOCKET
ORDER GRANTING MOTIONS FOR NOTICE OF POSITION
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER DENYING A CERTIFICATE OF APPEALABILITY
ORDER DENYING A CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On June 7, 2011, Petitioner Joseph Bland, Bureau of Prisons register number 39053-115, who is currently an inmate at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"), filed a pro se Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)[1] On July 6, 2011, the Court granted

---

[1] Although Bland is not currently incarcerated in this district, he was a pretrial detainee in this district when the case was filed. The venue is, therefore, proper.

leave to proceed in forma pauperis. (ECF No. 5.) The Clerk shall record the respondent as the warden of USP Atlanta.[2]

On August 15, 2011 and August 19, 2011, Petitioner filed two copies of a Motion for Notice of Position. (ECF Nos. 6 & 7.) For good cause shown, those motions are GRANTED. The status of the matter is set forth in this order. The Court has not construed the petition as arising under 28 U.S.C. § 2255.

On July 30, 2008, a federal grand jury in this district returned a two-count indictment against Bland. (Indictment, United States v. Bland, No. 08-20240-BBD (W.D. Tenn.), ECF No. 1.) The first count charged that Bland, a convicted felon, knowingly possessed one live round of 9 millimeter ammunition on or about January 9, 2008, in violation of 18 U.S.C. § 922(g). The second count charged that, on or about January 9, 2008, Bland possessed five grams or more of a substance containing a detectable amount of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On July 27, 2010, the grand jury returned a superseding indictment that incorporated the counts in the original indictment and added a third count charging Bland with possession with the intent to distribute of a substance containing a detectable amount of marijuana on or about January 9, 2008, in violation of 21 U.S.C. § 841(a)(1). (Indictment, id., ECF No. 124.)

---

[2] The proper respondent to a habeas petition is the prisoner's custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717-18, 159 L. Ed. 2d 513 (2004). The Clerk is directed to terminate the State of Tennessee, Shelby County, Geryl D. Hill, and Amy P. Weirich as parties to this action.

On August 11, 2010, a bench trial was conducted before then-United States District Judge Bernice B. Donald. (Min. Entry, id., ECF No. 141.) On April 14, 2011, Judge Donald issued an order finding Bland guilty on all counts of the Superseding Indictment. (Order on Mots., Conclusions of Law, and Verdict on Non Jury Trial, id., ECF No. 158.) Judge Donald conducted a sentencing hearing on August 19, 2011, at which Bland was sentenced to a term of imprisonment of forty-one (41) months, to be followed by a five-year period of supervised release. (Min. Entry, id., ECF No. 182.) Judgment was entered on August 19, 2011. (Judgment, id., ECF No. 186.) Bland's direct appeal is pending before the Sixth Circuit Court of Appeals as case number 11-6043 (6th Cir.).

Bland's federal habeas petition is difficult to decipher because he has mixed together allegations about his federal and state charges arising from the same incident.[3] Bland asserts that he was arrested on the state charges on January 8, 2008, on the basis of an affidavit by a complaining witness who swore that Bland committed unlawful acts on January 9, 2008. (Pet. ¶ 2.) Bland was indicted in both federal and state courts. (Id. ¶¶ 5, 6.) The Petition alleges that, at a detention and probable cause hearing before United States Magistrate Judge Diane K. Vescovo, the prosecution's sole material witness, Gerald Hill (who is referred

---

[3] The state charges were resolved by nolle prosequi on September 12, 2008. Case information for the Shelby County Criminal Court is available at http://jssi.shelbycountytn.gov/. The indictment number is 08 03082. One of the respondents named in the petition was the Assistant District Attorney General who prosecuted the state case.

to in the Petition as "Geryl D. Hill"), "eventually RECANTED the allegation which served essential to the CONSTITUTIONALITY of (both) my arrests by STATE and FEDERAL AUTHORITIES (9/4/08)." (Id. ¶ 9.) According to the Petition, Judge Vescovo "expressed total reliance upon the State Court's declaration of probable cause." (Id. ¶ 10.) Petitioner further complains that the Superseding Indictment was based on "FACTS not supported by the original charging instrument which served fundamental to the issuance of process invoking this (Federal) Court's authority and jurisdiction under Title 18 U.S.C. § 922(g)" (id. ¶ 11) and that, at trial, the Government "placed two witnesses on 'OATH' who alleged facts wholly contrary to the affidavit of Complaint while depriving this applicant Joseph Bland, of the right to confront his real accuser — Mr. Geryl Hill" (id. ¶ 13). Bland contends that "the essence of the Court's ORDER ON MOTIONS, FINDINGS OF FACT CONCLUSION OF LAW AND VERDICT ON NON JURY TRIAL entered 4/11/11 Serve [sic] as a declaration against the initial declaration of probable cause pronounced by State authorities and also 'imply' the falsity of the Complaint used to invoke this Court's authority for case 08-20240." (Id. ¶ 16.)

      Petitioner seeks an order declaring his original arrest and detention to be illegal and unconstitutional and to grant unspecified appropriate relief. (Id. ¶¶ 20-21.)

      Under 28 U.S.C. § 2241(c)(3), a federal court is authorized to issue a writ of habeas corpus when a prisoner "is in

4

custody in violation of the Constitution or laws or treaties of the United States." Bland is not entitled to federal habeas relief on his original arrest or the state-court case because, as previously noted, see supra p. 3 n.3, that charge was dropped on September 12, 2008. Bland is not, therefore, "in custody" on that charge.

A federal prisoner may be entitled to habeas relief if "the issues raised more accurately challenge[] the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). In this case, Bland is challenging his federal criminal judgment, not the execution of his sentence. Every issue presented in this petition can be raised in his pending direct appeal.

Because Bland is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition is DISMISSED. Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F.3d 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); see also Witham v. United States, 355

F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

The certificate of appealablity ("COA") requirement applies to prisoners who challenge state-court custody under 28 U.S.C. § 2241. Greene v. Tennessee Dep't of Corr., 265 F.3d 369 (6th Cir. 2001). Thus, Bland cannot appeal this Court's decision denying relief on the state-court charge unless he first obtains a COA.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 336, 123 S. Ct. at 1039 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4, 77 L. Ed. 2d 1090 (1983)); Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same), cert. denied, ___ U.S. ___, 129 S. Ct. 1057, 173 L. Ed. 2d 482 (2009). A COA does not require a showing that the appeal will succeed. Miller, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x

809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773 (quoting Slack, 537 U.S. at 337, 123 S. Ct. at 1039).

In this case, there can be no question that Bland is not "in custody" on the state-court charge. Because any appeal by Petitioner on that charge does not deserve attention, the Court DENIES a certificate of appealability.

A habeas petitioner seeking to appeal must pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App.

P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[4]

IT IS SO ORDERED this 12th day of December, 2011.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.